UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BRANDON WILLMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:24-CV-0127-SNLJ |
| KAYANNA SMITH, DG LOGISTICS, | ) |
| LLC, MARK BOREN, AVIS BUDGET | ) |
| CAR RENTAL, LLC, AND PV | ) |
| HOLDING CORPORATION, | ) |
| | |
| Defendants. | |

**MEMORANDUM AND ORDER**

Now before the court is Defendant Avis Budget Car Rental, LLC, Avis Rent A Car System, LLC, and PV Holding Corporation ("Avis") motion to dismiss this case against them for failure to state a claim upon which relief can be granted pursuant to 49 U.S.C. § 30106 and Fed. R. Civ. Pro. 12(b)(6). [Doc. 17]. The matter has been fully briefed and is ripe for adjudication.

**I.    Factual Background**

Plaintiff Brandon Willmon alleges that on or about July 9, 2021, an automobile accident transpired while all parties were driving headed northbound on Interstate 55 in New Madrid County, Missouri. [Doc. 6 at 4]. Kayanna Smith's automobile was between plaintiff and Defendant Mark Boren's trucks when she attempted to pass plaintiff. Failing to account for the weather, Smith allegedly lost control of her vehicle and struck the side of plaintiff's truck. *Id*. at 5. Defendant Boren then struck the back of plaintiff's

vehicle. [Doc. 6 at 5]. At the time of the accident, Smith was driving a car she had rented from Avis, and Boren was employed by DG Logistics, LLC ("DG Logistics"). *Id.* at 3.

Counts I and II directed at defendant Smith have been dismissed. Of the remaining counts, only Count VI is directed against defendant Avis. Count VI is a claim of negligent entrustment. [Doc. 28].

The parties agree that the so-called Graves Amendment precludes liability against the owner of a vehicle that has been leased to someone else for the harm that may result from that lease, so long as the owner is in the business of renting or leasing vehicles, and there is no negligence or criminal wrongdoing by the owner. 49 U.S.C. § 30106.

However, the Graves Amendment does not preclude a claim for negligent entrustment, which is the basis for plaintiff's claim in Count VI. Avis makes two arguments under Rule 12(b)(6) for why no claim for relief has been stated. First, Avis argues that plaintiff has only pleaded legal conclusions, and not a short statement of facts. *See* Fed. R. Civ. Pro. 8(a)(2). Second, plaintiff failed to plead all of the elements required by Missouri Law for the tort of negligent entrustment.

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). At the pleading stage, the allegation must "show that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Under this standard, a claim is facially plausible where the pleaded factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."

2

*Blankenship v. Chamberlain*, 695 F.Supp.2d 966, 969 (E.D. Mo. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. at 663) (internal quotation omitted).

Citing *Bell Atlantic*, Avis argues that Count VI contains "no factual allegations but only legal conclusory allegations." 550 U.S. 544. [Doc. 18 at 7-8]. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, …a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp.*, 550 U.S. at 545 (internal quotation omitted) (internal citation omitted). Moreover, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." That said, "the statement need only give the defendant fair notice of what…the claim is and the grounds upon which it rests." *Blankenship*, 695 F.Supp.2d at 969-70.

In particular, Avis argues that plaintiff has alleged no facts to show Smith was unfit or that Avis knew that she was unfit at the time the vehicle was rented and that the allegations do not rise beyond mere speculation. [Doc. 18 at 7-8]. Plaintiff replies that specific facts can be fleshed out through discovery as only notice pleading is required. [Doc. 24 at 2-3].

At this stage, this Court is required to assume all of the pleaded allegations are true, and whether that amount of information is sufficient to rise above the speculative level to suggest plausible grounds for a suit. *Bell Atlantic Corp.*, 550 U.S. at 545. Here, plaintiff simply alleges that Avis has a pattern of negligent entrustment, its regular practices risk property damage and bodily injury, and that Smith was incompetent, which

3

Avis knew or should have known. [Doc. 6 at 11-12]. These conclusory allegations amount to no more than "a formulaic recitation of a cause of action's elements," and appear to be sheer speculation.

Defendants also object to the cause of action for failing to allege all elements of a negligent entrustment suit pursuant to Missouri law. [Doc. 18 at 9]. Both parties agree that there are four elements to a negligent entrustment cause of action. [Docs. 18 at 9 and 24 at 5]. These are 1) that the entrustee was incompetent by reason of age, inexperience, or habitual recklessness;  2) that the entrustor knew or had reason to know of the entrustee's incompetence;  3) that the entrustor nonetheless entrusted the entrustee with the chattel;  and 4) that the entrustor's negligence concurred with the entrustee's negligence to form the proximate cause of the harm suffered. [Docs. 18 at 9 and 24 at 5]. *Evans v. Allen Auto Rental & Truck Leasing Co.*, 555 S.W.2d 325, 326 (Mo. 1977). *Eagle Express Lines, Inc. v. Nyazee*, 2018 WL 6445623 at *2 (E.D. Mo. December 10, 2018). Elements (1) and (4) are at the heart of the dispute. [Doc. 24 at 6].

Avis argues that plaintiff has not properly plead any evidence that Smith was obviously incompetent at the time of the entrustment. One negligent event post-rental is not enough to demonstrate that Smith was obviously incompetent. [Docs. 18 at 9 and 25 at 3, 5]. Plaintiff responds that Smith was operating the vehicle negligently and directs the court's attention to the description of her actions in Count I. [Docs. 24 at 6 and 6 at ¶ 23]. Avis rightly notes, however, that all of Smith's alleged negligence transpires only after the vehicle was entrusted to Smith, and this insufficient for a claim of negligent entrustment. [Doc. 25 at 4-5]. Missouri courts have held: "the entrustor's knowledge of

4

the entrustee's incompetence, negligence, or recklessness must exist at the time of the entrustment." *Steenrod v. Klipsch Hauling Co., Inc.*, 789 S.W.2d 158, 167 (Mo. Ct. App. 1990). Nothing alleged in the First Amended Complaint Indicates that Avis knew or should have known that Smith was incompetent <u>at the time of entrustment.</u>

Plaintiff asks for leave to amend his complaint once again to provide sufficient allegation of facts pursuant to Rule 15(a)(2). This rule states that "the court should freely give leave when justice so requires." *Id*. Plaintiff notes that "this litigation is still in its infancy and no party would be prejudiced by granting Plaintiff leave to amend." [Doc. 25 at 7].

This Court will grant plaintiff 21 days to file a Second Amended Complaint addressing any current deficiencies with Count VI in the First Amended Complaint.

Dated this 24th day of February 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE