# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BRANDON WILLMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:24-CV-00127-SNLJ |
| KAYANNA SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before this Court is a motion to dismiss the Second Amended Complaint ("SAC") by defendants Avis Budget Car Rental, LLC, Avis Rent A Car System, LLC, and PV Holding Corporation ("Avis defendants") [Doc. 38]. The motion is fully briefed and ripe for adjudication.

**I.  Factual Background**

Plaintiff Brandon Willmon alleges that on or about July 9, 2021, an automobile accident transpired while all parties were driving northbound on Interstate 55 in New Madrid County, Missouri. [Doc. 34 at 3]. Kayanna Smith was operating the Avis defendants' automobile between plaintiff and Defendant Mark Boren's trucks when she attempted to pass plaintiff. Failing to account for the weather, Smith allegedly lost control of her vehicle and struck the side of plaintiff's truck. *Id*. at 4. Defendant Boren then struck the back of plaintiff's vehicle. *Id*. At the time of the accident, Boren was employed by DG Logistics, LLC ("DG Logistics"). [Doc. 34 at 3].

After the Avis defendants moved for dismissal of the First Amended Complaint,

this Court gave plaintiff 21 days to file the SAC. [Doc. 31]. Now the Avis defendants move once again to dismiss the SAC pursuant to Rules 8(a)(2) and 12(b)(6). [Doc. 38].

## II. Legal Standards

A complaint is subject to dismissal if it does not "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the facts asserted by the plaintiff "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The Court accepts as true all factual allegations but is not bound to accept as true a legal conclusion couched as a factual allegation." *Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010) (cleaned up).

## III. Discussion

The Avis defendants complain that they are not mentioned in Counts I, II, and III, and plaintiff agrees that those counts may be dismissed as to the Avis defendants. Plaintiff does not deny this claim, and asks that if those counts are dismissed, they are dismissed only as to the Avis defendants. [Docs. 38-1 at 3 and 40 at 3].

As to Count III, the Avis defendants argue that the allegations in Count IV are conclusory and insufficient to support all elements of a claim for negligent entrustment. [Doc. 38-1 at 4]. In particular, the Avis defendants argue that there are insufficient factual allegations to support the element showing "the entrustee was incompetent by reason of age, inexperience, habitual recklessness, or otherwise." [Doc. 38-1 at 5]. Avis

2

defendants emphasize that the pleadings must go beyond speculation, stating that what has been pleaded are "vague, conclusory allegations," and "without further factual enhancement, these conclusory allegations stop short of the line between possibility and plausibility." *Id*.

Plaintiff responds "by information and belief" that defendant Smith had a recent history of traffic violations, her license had been restricted or suspended, she had been in accidents prior to this one, and this information would have "raised red flags regarding her competency as a driver." [Doc. 34 at 8-9]. In addition, the Avis defendants are alleged to have been bound by industry standards and internal policies to have accessed this information when deciding to rent the vehicle to Smith. *Id*. at 9. At this stage of the pleadings, the Court is required to accept as true all factual allegations put forth by the nonmoving party. The allegations put forth here rise to the standard of plausibly showing a cause of action against the Avis defendants. Finally, plaintiff alleges through the common facts that but for the allegedly negligent entrustment of the vehicle to Smith, this accident would not have transpired, satisfying the requirement of proximate causation. [Doc. 34 at 4]. For these reasons, the Avis defendants will not be dismissed from Count IV at this time.

Accordingly,

**IT IS HEREBY ORDERED** that the Avis defendants' Motion to Dismiss the Second Amended Complaint [Doc. 38] is **GRANTED** to the extent Counts I, II, and III allege claims against the Avis defendants and those claims are **DISMISSED** without prejudice as to the Avis defendants only.

**IT IS FURTHER ORDERED** that the Avis defendants' Motion to Dismiss the Second Amended Complaint is **DENIED** as to Count IV and that claim will proceed

3

against the Avis defendants.

    Dated this 15th day of May, 2025.

                                                                    STEPHEN N. LIMBAUGH, JR.
                                                                    SENIOR UNITED STATES DISTRICT JUDGE