UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BRANDON WILLMON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:24-cv-00127-SNLJ |
| DG LOGISTICS, LLC, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on motions filed by the Avis defendants[1] and to address defective filings by defendants DG Logistics, LLC ("DGL") and Mark Boren. For the reasons set forth below, the Avis defendants' motion to strike crossclaim [Doc. 66] is granted, and their motion for leave to file an amended answer to add crossclaims and for an extension of time [Doc. 71] is denied. Additionally, the joint crossclaims [Docs. 57, 58] and the third-party complaint [Doc. 70] filed by DGL and Boren without leave of court are stricken from the record.

### BACKGROUND

On March 17, 2025, plaintiff filed a second amended complaint [Doc. 34]. In response, the Avis defendants filed a motion to dismiss [Doc. 38], which was granted in part and denied in part [Doc. 51]. The Avis defendants then filed timely answers [Docs. 53, 54, 55]. Although defendants DGL and Boren previously filed answers to the first

---

[1] Avis Budget Car Rental, LLC, Avis Rent A Car System, LLC, and PV Holding Corporation ("Avis defendants").

amended complaint [Docs. 19, 20], they did not file a motion to dismiss or an answer to the second amended complaint.

On June 17, 2025, DGL and Boren filed a joint crossclaim for contribution against the Avis defendants (Doc. 57) and a joint crossclaim for contribution against Kayanna Smith [Doc. 58] without seeking leave of court. Smith was a defendant in the original complaint and the first amended complaint but was voluntarily dismissed by plaintiff on November 22, 2024 [Docs. 27, 28]. Smith was not a named defendant in the second amended complaint [Doc. 34]. On July 8, 2025, the Avis defendants filed a motion to strike the crossclaim filed by DGL and Boren [Doc. 66]. DGL and Boren have not filed a response.

On August 4, 2025, DGL and Boren filed a joint third-party complaint for contribution against Medical Solutions, LLC [Doc. 70] without seeking leave of court. On the same date, the Avis defendants filed a motion for leave to file an amended answer to add a crossclaim and for an extension of time [Doc. 71].

## DISCUSSION

The Avis defendants argue that the crossclaim filed by DGL and Boren was procedurally defective because it was filed as a stand-alone pleading. Under Federal Rule of Civil Procedure 13, counterclaims and crossclaims must be asserted in a pleading. Federal Rule of Civil Procedure 7(a) recognizes only the following as a pleading: "1) a complaint; 2) an answer to a complaint; 3) an answer to a counterclaim designated as a counterclaim; 4) an answer to a crossclaim; 5) a third-party complaint; 6) an answer to a third-party complaint; and 7) if the court orders one, a reply to an answer." Fed.R.Civ.P.

2

7(a). Because Rule 7(a) does not recognize a counterclaim or crossclaim as a pleading, such claims must be included within an answer. *See In re Cessna Distributorship Antitrust Litigation*, 532 F.2d 64, 68 n. 7 (8th Cir. 1976) (noting that a crossclaim can only be asserted in an answer). Thus, the filing of the joint crossclaims for contribution against the Avis defendants and Smith as stand-alone pleadings was not authorized under the Federal Rules of Civil Procedure.

    The Avis defendants also argue that DGL and Boren were required to seek leave of court to amend their answers to the first amended complaint to include the crossclaim. If an amended complaint does not change the theory or scope of the case, a defendant must seek leave of court to amend its answer to the previous complaint to assert a counterclaim. *Buffalo Wild Wings, Inc. v. Buffalo Wings & Rings*, 09-1426 JRT/SER, 2011 WL 2261284, *2 (D. Minn. June 8, 2011) (citing *Tralon Corp. v. Cedarapids, Inc.,* 966 F.Supp. 812, 832 (N.D. Iowa 1997)); *see also Nestlé Purina Petcare Co. v. The Blue Buffalo Co. Ltd.,* 4:14-cv-859-RWS, 2016 WL 4272241 (E.D. Mo. Aug. 12, 2016) (finding that the defendant was required to seek leave to amend its answer in response to an amended complaint because the amended complaint did not change the theory or scope of the case). However, if the amended complaint changes the theory or scope of the case, a defendant is allowed to plead anew as though it were the original complaint filed by the plaintiff. *Robinson Mech. Contractors Inc. v. PTC Group Holdings Corp.*, 1:15-cv-77 SNLJ, 2017 WL 3839702, *6 (E.D. Mo. Sept. 1, 2017) (citing *Tralon Corp.,* 966 F.Supp. at 832).

    Here, the Second Amended Complaint did not change the theory or scope of the case against DGL and Boren; therefore, they were required to seek leave to amend their

previously filed answers to include the crossclaims against the Avis defendants and Smith. Further, because Smith was no longer a party, DGL and Boren were required to seek leave to add Smith as a party.  Fed.R.Civ.P. 14.  The filing of the crossclaims without leave of court is a nullity.  *See White v. Ameren*, 4:22CV1120 HEA, 2024 WL 1989026 (E.D. Mo. May 6, 2024) ("Filing an amendment to a complaint without seeking leave of court or written consent of the parties is a nullity.") (quoting *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989)).  Therefore, the crossclaims will be stricken from the record.

Additionally, because DGL and Boren did not seek leave of court to file a third-party complaint to add Medical Solutions, LLC as a party, the third-party complaint is a nullity.  *See* Fed.R.Civ.P. 14(a)(1) ("[a] third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer").  The third-party complaint will also be stricken from the record.

Finally, the Avis defendants' motion for leave to amend their answers to add crossclaims and for an extension of time [Doc. 71] will be denied.  Federal Rule of Civil Procedure Rule 15(a)(2) allows a party to "amend its pleading only with the opposing party's written consent or the court's leave," and the Court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, a court may deny leave to amend if the party seeking it does not follow procedural rules.  *See Ellis v. City of Minneapolis*, 518 Fed.Appx. 502, 505 (8th Cir. 2013).  The Avis defendants failed to comply with Local Rule 4.07, which requires that "[a] proposed amendment to a pleading or amended pleading itself must be submitted at the time any motion for leave to amend any pleading is filed."

4

Instead, they requested leave to file an amended pleading at a later date, which does not comply with Local Rule 4.07.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Strike Crossclaim [Doc. 66] is **GRANTED** and the Joint Crossclaim against the Avis defendants [Doc. 57] is **STRICKEN** from the record as a nullity.

**IT IS FURTHER ORDERED** that the Joint Crossclaim against Kayanna Smith [Doc. 58] is **STRICKEN** from the record as a nullity, and Kayanna Smith shall be **TERMINATED** from the record.

**IT IS FURTHER ORDERED** that the Joint Third-Party Complaint for Contribution [Doc. 70] is **STRICKEN** from the record as a nullity, and Medical Solutions, LLC shall be **TERMINATED** from the record.

**IT IS FURTHER ORDERED** that the Motion for Leave to File Amended Answer to Add Crossclaims and for an Extension of Time [Doc. 71] is **DENIED**.

**SO ORDERED** this 13th day of August, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE