UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BRANDON WILLMON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:24-cv-00127-SNLJ |
| DG LOGISTICS, LLC, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on motions filed by defendants DG Logistics, LLC ("DGL") and Mark Boren ("Boren") for leave to file an answer to plaintiff's second amended complaint out-of-time [Doc. 74] and for leave to file cross claims[1] [Doc. 75]. For the reasons set forth below, their motion for leave to file an answer to plaintiff's second amended complaint out of time [Doc. 74] is granted, and their motion for leave to file cross claims [Doc. 75] is granted.

**I.   BACKGROUND**

Plaintiff filed his complaint on June 26, 2024, regarding alleged injuries he incurred as a result of an automobile accident. [Doc. 1]. Plaintiff initially named Kayanna Smith, DGL, and Mark Boren as defendants. [Id.]. On August 9, 2024, plaintiff filed an amended complaint that added Avis Budget Car Rental, LLC, Avis Rent A Car System, LLC, and

---

[1] The motion itself is captioned "Defendants/Crossclaim Plaintiffs DG Logistics, LLC and Mark Boren's Motion for Leave to File Cross Claims". [Doc. 75]. However, defendants are actually seeking leave to file a third-party complaint for contribution against Kayanna Smith and Medical Solutions, LLC – not any crossclaims against the Avis defendants. [Id.]. Accordingly, this Court will treat the motion as a motion for leave to file a third-party complaint and will hereinafter refer to it as a motion for leave to file a third-party complaint.

PV Holding Corporation ("Avis defendants") as additional defendants. [Doc. 6]. The Avis defendants filed a motion to dismiss the first amended complaint [Doc. 17] while defendants DGL and Mark Boren filed their answers to the first amended complaint. [Docs. 19, 20]. Plaintiff then voluntarily dismissed his claim against defendant Kayanna Smith [Doc. 28] and was granted leave to file a second amended complaint [Doc. 31].

On March 17, 2025, plaintiff filed a second amended complaint [Doc. 34]. In response, the Avis defendants filed a motion to dismiss [Doc. 38], which was granted in part and denied in part [Doc. 51]. The Avis defendants then filed timely answers to the remaining claims against them [Docs. 53, 54, 55]. Although defendants DGL and Boren previously filed answers to the first amended complaint [Docs. 19, 20], they have not filed a motion to dismiss or an answer to the second amended complaint.

On June 17, 2025, DGL and Boren filed a joint crossclaim for contribution against the Avis defendants (Doc. 57) and a joint crossclaim for contribution against Kayanna Smith [Doc. 58] without seeking leave of court. On July 8, 2025, the Avis defendants filed a motion to strike the crossclaim filed by DGL and Boren [Doc. 66]. DGL and Boren did not file any response to the motion to strike. Then, on August 4, 2025, DGL and Boren filed a joint third-party complaint for contribution against Medical Solutions, LLC [Doc. 70] without seeking leave of court. On the same date, the Avis defendants filed a motion for leave to file an amended answer to add a crossclaim and for an extension of time [Doc. 71]. On August 13, 2025, the Court issued an order striking DGL and Boren's crossclaim against the Avis defendant from the record as a nullity; striking DGL and Boren's crossclaim against Kayanna Smith from the record as a nullity and terminating Kayanna

Smith from the record; striking DGL and Boren's third-party complaint for contribution against Medical Solutions, LLC from the record as a nullity; and denying the Avis defendants motion for leave to file an amended answer to add crossclaims and for an extension of time.  [Doc. 73].

DGL and Boren have now filed a motion for leave to file an answer to plaintiff's second amended complaint out of time [Doc. 74] and a motion for leave to file a third-party complaint [Doc. 75].  The Avis defendants oppose the motion for leave to file the third-party complaint and bring in additional parties (namely Kayanna Smith and Medical Solutions, LLC) because the request is untimely and violates the Court's case management order.  [Doc. 82].

## II.     DISCUSSION

**A. Motion for Leave to File Answer to Second Amended Complaint Out-of-Time**

Federal Rule of Civil Procedure 6(b)(1) provides for a court, for good cause, to extend the time for an act to be done after the time has expired if the party failed to act because of excusable neglect.  Fed. R. Civ. P. 6(b)(1).  Excusable neglect is an 'elastic concept that empowers courts to accept, 'where appropriate,…late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) *quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 388 (1993). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* at 946 *quoting Pioneer*, 507 U.S. at 395.  Factors to be considered include:  (1) the possibility of

3

prejudice the non-moving parties; (2) the length of the delay and the possible impact of that delay on judicial proceedings; (3) the reasons for the delay, including whether the delay was within the reasonable control of the moving party; and, (4) whether the moving party acted in good faith." *Id.*

Considering the relevant circumstances in this case, the Court finds the equitable factors weigh in favor of allowing DGL and Boren to file their proposed answer [Doc. 74-2] to plaintiff's second amended complaint.  First, there is no indication by any parties that the delay by DGL and Boren has prejudiced plaintiff or the other defendants, or that it will have any impact on the proceedings.  The Court finds no reason to believe that any such prejudice exists.  For example, plaintiff's second amended complaint did not add any new counts or additional substantive allegations against DGL and Boren.  In fact, the sole reason plaintiff filed the second amended complaint was to remedy certain errors in its pleadings as against the Avis defendants.  Second, although the delay is fairly lengthy (over 6 months), the litigation is still early with a majority of the major deadlines under the case management order still scheduled out in the future.  Third, the delay in filing an answer to the second amended complaint will not have a significant impact on the progress of the case because DGL and Boren's proposed answer to the second amended complaint is essentially identical to their previous answers.

Therefore, the Court finds good cause and will exercise its discretion and allow DGL and Boren to file their answer to plaintiff's second amended complaint out of time.  To rule otherwise under the circumstances of this case would go against "'[t]he judicial preference for adjudication on the merits[, which] goes to the fundamental fairness of the adjudicatory

4

process.'" *Chorosevic*, 600 F.3d at 947 (alterations in original) *quoting Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993).

### B. Motion for Leave to File Third-Party Complaint

DGL and Boren are also requesting leave to file a third-party complaint for contribution adding Kayanna Smith and Medical Solutions, LLC as third-party defendants. Avis defendants oppose DGL and Boren's request on the grounds that joining these additional parties is untimely and violates deadlines set forth in the case management order.

Federal Rule of Civil Procedure 14 provides that a defending party may, as a third-party plaintiff, serve a third-party complaint on a nonparty after obtaining leave of court to do so. Fed. R. Civ. P. 14(a). The deadline for joining additional parties and amending the pleadings expired on August 4, 2025. [Doc. 62]. DGL and Boren did not file a motion to modify the scheduling order to allow the out-of-time filing of the third-party complaint. However, since DGL and Boren seek leave to file a third-party complaint out-of-time, they must satisfy the good-cause standard of Federal Rule of Civil Procedure 16(b).

Under Rule 16(b), the court may modify its scheduling order upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008). "While the prejudice to the nomovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Id.* Where there has been no change in the law, no newly discovered facts, or any other changed circumstances after the scheduling

5

deadline has expired, then the court may conclude that the moving party has failed to show good cause. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012).

Here, DGL and Boren were not diligent in seeking leave to file a third-party complaint (out-of-time). The motion comes 2 months after the scheduling orders' deadline expired, and nearly 2 months after DGL and Boren's first attempt (without leave of this Court) at filing additional claims against Kayanna Smith and Medical Solutions, LLC were stricken from the record as nullities. [Doc. 73]. Moreover, DGL and Boren have not cited to any change in the law, newly discovered facts, or other changed circumstances within that 2-month period of time. This lack of due diligence and respect for the Court's schedule, orders, rules, and timelines is consistent with DGL and Boren's prior actions in this case. For example, this Court had to issue 2 orders to show cause regarding DGL and Boren's counsel's failure to attend the Rule 16 scheduling conference before a response was filed. Accordingly, it is well within this Court's discretion to deny DGL and Boren's motion on the basis that they cannot establish good cause to excuse the out-of-time filing.

All things considered, however, the Court finds that the interest of judicial economy weighs heavily in favor of joining all relevant parties in one lawsuit. Granting DGL and Boren's motion to file a third-party complaint is necessary for proper adjudication of the rights of all parties involved and will not otherwise substantially delay these proceedings. However, in granting DGL and Boren's motion to file the third-party complaint, the Court reiterates to DGL and Boren that they must exercise due diligence in filing and serving summons on the third-party complaint because no additional extensions will be granted

6

absent extenuating circumstances.[2] All other deadlines in the case management order and amended case management order shall remain in full force and effect.

### III.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that defendants DG Logistics, LLC and Mark Boren's motion for leave to file answer to plaintiff's second amended complaint out-of-time [Doc. 74] is **GRANTED**. Defendants DG Logistics, LLC and Mark Boren shall file their answer to plaintiff's second amended complaint, in the same form as their proposed answer [Doc. 74-2], on or before **October 21, 2025**.

**IT IS FURTHER ORDERED** that defendants DG Logistics, LLC and Mark Boren's motion for leave to file a third-party complaint out-of-time [Doc. 75] is **GRANTED**. Defendants DG Logistics, LLC and Mark Boren shall file their third-party complaint, in the same form as their proposed third-party complaint [Doc. 75-2], on or before **October 21, 2025**.

**IT IS FURTHER ORDERED** that all matters set forth in the original case management order [Doc. 62] and amended case management order [Doc. 63] that are not inconsistent with the foregoing shall remain in full force and effect.

**SO ORDERED** this 20th day of October, 2025.

_/s/ Stephen N. Limbaugh, Jr._
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The Court is aware of the issues that plaintiff had with attempting to serve Kayanna Smith with summons and will not prolong this litigation if DGL and Boren are unable to locate and serve her within a reasonable time after the filing of the third-party complaint.

7